**Steven M. CASTILLO, Plaintiff–
Appellant,**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Craig Neil; William Packer, Plaintiffs,

v.

James GOMEZ; et al., Defendants–Appellees.

No. 01–15440.

D.C. No. CV–97–02068–WBS (JFM).

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 15, 2001.

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM **

Steven M. Castillo, a California state prisoner, appeals pro se the district court's summary judgment dismissing his 42 U.S.C. § 1983 action alleging that certain amendments to the California state regulation regarding prisoners' family visits violate the Ex Post Facto Clause of the United States Constitution. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, after de novo review, *see Neal v. Shimoda*, 131 F.3d 818, 823 (9th Cir.1997), we affirm.

Since 1994, Castillo has been confined to Pelican Bay State Prison's security housing unit ("SHU") for an indeterminate term because he is a validated associate of the "Mexican Mafia (EME)" prison gang. *See* Cal.Code Regs. tit. 15, § 3341.5(c)(2)(A)(2). Throughout Castillo's confinement to the SHU, inmates with an indeterminate SHU term have been prohibited from participating in the family visiting program. In 1995, the relevant state regulation was amended to exclude additional classes of inmates from participating in the program. *See id.* § 3174(e).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Castillo lacks standing to challenge the 1995 amendments because a determination that they violate the Ex Post Facto Clause would not redress Castillo's exclusion from the family visiting program, which predates the amendments. *See Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1139 n. 3 (9th Cir.2000) (en banc), *cert. denied,* 531 U.S. 1143, 121 S.Ct. 1078, 148 L.Ed.2d 955 (2001). Similarly, a challenge to the 1995 amendments' exclusion of other categories of inmates from the program will not ripen until, and if, Castillo is released from his indeterminate SHU term. *See* Cal.Code Regs. tit. 15, § 3341.5(c)(2)(A)(2); *Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998).

Castillo's remaining contentions lack merit.

**AFFIRMED.**